**MENG DENG WANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,[1] Respondent.**

No. 04–4030–ag.

United States Court of Appeals, Second Circuit.

March 14, 2006.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Frank R. Liu, New York, New York, for Petitioner.

Gregory G. Lockhart, United States Attorney for the Southern District of Ohio, David J. Bosley, Assistant United States Attorney, Columbus, Ohio, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Meng Deng Wang, a native and citizen of the Fujian Province of the People's Republic of China, petitions for review of the order of the BIA, affirming a decision of an immigration judge ("IJ"). The IJ rejected the petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), based on her expression of support, one time, for practitioners of Falun Gong in a high school student group. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003).

When the BIA issues a short opinion affirming the IJ's decision in part, and modifying it in part, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Because the BIA declined to adopt the IJ's adverse credibility findings, we may not rest our decision on those findings. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

 We conclude that, contrary to the views of the BIA, there was nothing inherently suspect about the petitioner's failure to volunteer details about whether government officials "continue to search for [her] and seek to arrest her," because, during her testimony, she was never asked about it. *See Secaida–Rosales*, 331 F.3d 297, 308 (2d Cir.2003) ("Like outright inconsistencies, the impact of omissions must be measured against the whole record before they may justify an adverse credibility determination."). Moreover, we find no substantial evidence to support the IJ's finding that asylum was inappropriate because the Chinese government has the "sovereign authority to practice or to ban practices which they determine to be detrimental to public security or good order." Asylum claims are frequently and properly granted based on acts of government

thought by it to be "detrimental to public security and good order," at least when those acts evidence persecution under United States law.

 We nevertheless deny the petition for review. The behavior of which petitioner complains, that she was threatened with arrest and that she fears arrest if returned to China, does not "rise above mere harassment." *See Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004) (adopting Seventh Circuit's standard that "persecution in the asylum context ... 'must rise above mere harassment'" and ruling that "physical harm inflicted on an applicant on account of his religious beliefs" may constitute persecution (quoting *Begzatowski v. INS,* 278 F.3d 665, 669 (7th Cir.2002))). In any event, because there was substantial evidence to support the IJ's finding that the petitioner "could avoid future persecution by relocating to another part of the applicant's country of nationality," 8 C.F.R. § 208.13(b)(1)(i)(B), asylum was properly denied. The IJ's finding was supported by testimony that the petitioner was able to live in the Guangzhou region for the three months between her expression of support for Falun Gong and her departure without interference by the government.

 Because the petitioner is ineligible for asylum, the IJ properly concluded that she could not meet the higher burden of establishing eligibility for withholding of removal. *See Secaida–Rosales,* 331 F.3d at 306. The petitioner did not carry her burden to prove that "it is more likely than not that [s]he ... would be tortured if removed to [China]," *see* 8 C.F.R. 208.16(c)(2), and, therefore, she is not eligible for CAT relief.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).